# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMED ABDULLAH TAHA MATTAN, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 09-745 (RCL) |
| BARACK OBAMA, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION

This opinion shall set forth the scope of respondents' detention authority that will govern proceedings for the eight petitioners in the above-captioned case.[1]  This memorandum takes advantage of prior opinions by other judges of this Court, and the conclusions herein are based upon the detailed and insightful analyses contained in those opinions.

Respondents suggest the following framework:

The President has the authority to detain persons that the President determines planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, and persons who harbored those responsible for those attacks.  The president also has the authority to detain persons who were part of, or substantially supported, Taliban or al-Qaida forces or associated forces that are engaged in hostilities against the United States or its coalition partners, including any person who has committed a belligerent act, or has directly supported hostilities, in aid of such enemy armed forces.

(Resp'ts' Mem. [1071] at 1–2.)  Petitioners suggest a much more restrictive detention authority

---

[1]The issue of detention authority was briefed and argued before Judge Walton of this Court.  Petitioners' matters were transferred to the undersigned member of this Court thereafter. The Court has the briefs and the transcript of the argument before Judge Walton.

limited to individuals directly engaged in combat against the United States at the time of their capture. (*See, e.g.*, Pet'rs' Mem. [823] at 5.) The Court's role here is not to fashion its own framework, but only to determine whether respondents' proposed framework is, as respondents claim, consistent with domestic law and the laws of war. (*See* Resp'ts' Mem. [1071] at 1 ("The United States bases its detention authority as to [persons being held at Guantanamo Bay] on the Authorization for the Use of Military Force ("AUMF"), Pub. L. 107-40, 115 Stat. 224 (2001). The detention authority conferred by the AUMF is necessarily informed by principles of the laws of war.").) *See also Boumediene v. Bush*, 583 F. Supp. 2d 133, 134 (D.D.C. 2008) (Leon, J.) ("I do not believe . . . that it is the province of the judiciary to *draft* definitions. It is our limited role to determine whether definitions crafted by either the Executive or the Legislative branch, or both, are consistent with the President's authority under the [AUMF] and his war powers under Article II of the Constitution.").[2]

The Court reaches the same conclusion, and for the same reasons, as did Judge Bates of this Court in *Hamlily v. Obama*, Civ. A. No. 05-763, 2009 WL 1393113 (D.D.C. May 19, 2009). The Court hereby adopts that opinion. The Court concludes that respondents' claimed authority to detain individuals who are "part of" Taliban, al Qaeda, or associated enemy forces comports with the AUMF's broad authorization of executive force and the laws of war. However, two elements of the proposed framework fall outside the bounds of both the AUMF and the established laws of war: the claimed authority to detain those who "substantially supported" enemy forces and the claimed authority to detain those who have "directly supported hostilities" in aid of enemy forces. As Judge Bates explained, respondents can point to no authority

---

[2]The Bush Administration based its claimed detention authority upon the AUMF and the President's Article II war powers.

sustaining detention authority based only upon "support" of enemy forces.

Accordingly, the Court will adopt respondents' proposed definition except for the two "support"-related elements described above. However, the Court will still consider support of Taliban, al Qaeda, or associated enemy forces in determining whether a detainee should be considered "part of" those forces. Such consideration of "support" factors is consistent with Judge Bates' opinion and, as Judge Bates noted, is not inconsistent with Judge Walton's opinion, *Gherebi v. Obama*, Civ. A. No. 04-1164, 2009 WL 1068955 (D.D.C. Apr. 22, 2009), as applied.[3]

Signed by Royce C. Lamberth, Chief Judge, on May 21, 2009.

---

[3]In his detailed and thorough opinion, Judge Walton accepted respondents' definition—including the "support" elements—but criticized the murky meaning of "support" in this context:

> Replacing a standard that authorizes the detention of individuals who "support" an enemy organization with a standard that permits the detention of individuals who "substantially support" that enemy doubtless strikes the casual reader as a distinction of purely metaphysical difference, particularly when the government declines to provide any definition as to what the qualifier "substantial" means. Indeed, the Court shares the petitioners' distaste for the government's reliance on the term "support" at all, laden as it is with references to domestic criminal law rather than the laws of war that actually restrict the President's discretion in this area.

*Gherebi*, 2009 WL 1068955 at *23. Judge Walton made clear that he was adopting the government's framework only "provided that the terms 'substantially supported' and 'part of' are interpreted to encompass only individuals who were members of the enemy organization's armed forces, as that term is intended under the laws of war, at the time of their capture." *Id.* at *24.